1  PHILLIP A. TALBERT
   United States Attorney
2  LAUREL J. MONTOYA
   Assistant United States Attorney
3  Robert E. Coyle Federal Courthouse
   2500 Tulare Street
4  Fresno, CA 93721

5  (559) 497-4000

6  Attorneys for Plaintiff
   United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,            CASE NO.  1:21-CR-00281-JLT-SKO

12                   Plaintiff,           STIPULATION REGARDING EXCLUDABLE
                                          TIME PERIODS UNDER SPEEDY TRIAL ACT;
13            v.                          ORDER

14  JOSE ANTONIO NUNEZ DE JESUS,         DATE: March 30, 2022
                                          TIME: 1 p.m.
15                   Defendant.           COURT: Hon. Sheila K. Oberto

16

17        On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the

18  Eastern District of California until further notice.  This General Order was entered to address public

19  health concerns related to COVID-19.  Further, pursuant to General Order 614, 620, 624, 628, and 630

20  and the CARES Act, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the

21  Ninth Circuit Judicial Council's Order of April 16, 2020, continuing this Court's judicial emergency,

22  this Court has allowed district judges to continue all criminal matters to a date after May 1, 2020.[1]

23        Although the General Order addresses the district-wide health concern, the Supreme Court has

24  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

25  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

26  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

27

28        [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
   request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
   will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

STIPULATION REGARDING EXCLUDABLE TIME                    1
PERIODS UNDER SPEEDY TRIAL ACT

exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  And moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, 618, and 620 and the subsequent declaration of judicial emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001, terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[2]  If continued, this Court should designate a new date

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1  for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

2  pretrial continuance must be "specifically limited in time").

3                                                **STIPULATION**

4         Plaintiff United States of America, by and through its counsel of record, and defendant, by and

5  through defendant's counsel of record, hereby stipulate as follows:

6         1.      By previous order, this matter was set for status on March 30, 2022.

7         2.      By this stipulation, defendant now moves to continue the status conference until June 1,

8  2022, and to exclude time between March 30, 2022, and June 1, 2022, under Local Code T4.

9         3.      The parties agree and stipulate, and request that the Court find the following:

10              a)      The government has represented that the initial discovery associated with this

11 case has been either produced directly to counsel and/or made available for inspection and

12 copying. The government is working to determine if there is any additional discovery to be

13 processed and produced.

14              b)      The government would like additional time to review recently received

15 information and formulate an offer.

16              c)      Counsel for defendant desires additional time to consult with his client, discuss

17 case resolution, review the discovery, and conduct any investigation deemed necessary.

18              d)      Counsel for defendant believes that failure to grant the above-requested

19 continuance would deny him/her the reasonable time necessary for effective preparation, taking

20 into account the exercise of due diligence.

21              e)      In addition to the public health concerns cited by General Order 611 and

22 presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in

23 this case because Counsel or other relevant individuals have been encouraged to telework and

24 minimize personal contact to the greatest extent possible. It will be difficult to avoid personal

25 contact should the hearing proceed.

26              f)      Based on the above-stated findings, the ends of justice served by continuing the

27 case as requested outweigh the interest of the public and the defendant in a trial within the

28 original date prescribed by the Speedy Trial Act.

g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of March 30, 2022 to June 1, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  March 23, 2022                              PHILLIP A. TALBERT
                                                    United States Attorney


                                                    /s/ LAUREL J. MONTOYA
                                                    LAUREL J. MONTOYA
                                                    Assistant United States Attorney


Dated:  February 23, 2022                           /s/ LARRY R. ROLOFF
                                                    LARRY R. ROLOFF
                                                    Counsel for Defendant
                                                    JOSE ANTONIO NUNEZ DE
                                                    JESUS


**ORDER**

IT IS SO ORDERED.


DATED:  3/24/2022                  _Sheila K. Oberto_____
                                   THE HONORABLE SHEILA K. OBERTO
                                   UNITED STATES MAGISTRATE JUDGE

STIPULATION REGARDING EXCLUDABLE TIME             4
PERIODS UNDER SPEEDY TRIAL ACT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT